FILED
SEP 09 2013

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL R. SMITH                                       Civil Action No.: 8:13cv1127

          Plaintiff                    ( LEK / RFT )

   -against-                                             VERIFIED COMPLAINT

NEW FALLS CORPORATION,
VLOCK AND ASSOCIATES P.C.,                             JURY TRAIL DEMANDED
And STEPHEN VLOCK

          Defendant(s)

---

## JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692K(d), and 28 U.S.C. § 1331.

## VENUE

2. The occurrences which give rise to this action occurred in Franklin County, New York and Plaintiff resides in Franklin County.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that the defendants transact business in this district and a substantial portions of the acts giving rise to this action occurred in this state and this district.

## PARTIES

4. Plaintiff, MICHAEL R SMITH ("Plaintiff") is a natural person and is a resident of the State of New York, residing in the county of Franklin at 26 county route 18, Lake Clear, NY 12945.

5. Plaintiff is a consumer as defined by 15 USC § 1692a(3).

6. Defendant, NEW FALLS CORPORATION ("NEW FALLS"), an Ohio Corporation, located at 100 North Center Street, Newton Falls, OH 44444 operating as a debt collection agency, and is a "Debt Collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Defendant, VLOCK AND ASSOCIATES, P.C. ("VLOCK"), a New York Law Firm, located at 380 Madison Ave., 22nd Floor, New York, New York 10017, is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5), and is a "Debt Collector" as the term is defined by 15 USC § 1692a(6).

8. Defendant, STEPHEN VLOCK, a New York Attorney, located at 380 Madison Ave., 22nd Floor, New York, New York 10017, is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5), and is a "Debt Collector" as the term is defined by 15 USC § 1692a(6).

## NATURE OF THE ACTION

9. This action for actual and statutory damages brought by plaintiff, MICHAEL R SMITH, an individual consumer, against defendants, NEW FALLS CORPORATION, VLOCK AND ASSOCIATES P.C., and STEPHEN VLOCK for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

10. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

11. The FDCPA is a strict liability statute and does not require intentional conduct by debt collectors for the Plaintiff to be entitled to damages.

12. The FDCPA is a comprehensive statute as outlined in 15 U.S.C. § 1692 et seq. which prohibits a catalog of activities in connection with the collection of debts by third parties, imposes civil liability on any person or entity that violates it's provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k the operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

13. The Plaintiff denies ever having any contractual agreement or credit line for goods or services or relationship with defendants. Even if the Plaintiff did have such an agreement which the Plaintiff denies, an alleged debt is not the question here, but the fact as to how it was or was not validated, wrongful actions of the defendants in attempts to collect, violated the Plaintiff in the laws outlined in the FDCPA.

14. At all times material here to. All defendants agreed between and amongst themselves and in combination with each other and various agents known and unknown as to each overt act for the furtherance of the conspiracy & enterprise to engage in an unlawful action for

a common purpose. To wit, perpetuate a fraud and not only obtain an unlawful judgment against the plaintiff but to further perpetuate a fraud by defending a right to it.

15. Defendants have uniformly engaged in a scheme of illegal and deceptive business practices that violate state and federal law attempting to collect a debt from the Plaintiff using false information and documentation, improper use of Plaintiffs identity, and without proper documentation, sufficient to establish and substantiate the cause(s) of action attempted to be the basis for the respective collection actions and in the categories of charges imposed on the plaintiff.

## BRIEF PROCEDURAL HISTORY

16. Plaintiff is a Victim of Identity Theft and a Police Report is filed into the record in Fairfax county, Virginia, case# 06087001174, in March 2006.

17. Plaintiff was sued in a state court action in Franklin county in 2007, **Case#: 2007-1075**.

18. Plaintiff was not aware of being sued.

19. NEW FALLS by and through VLOCK, and Specifically STEPHEN VLOCK used the state court system to obtain a default judgment of over $167,000.00 with the Franklin County clerk in April 2008.

20. Plaintiff discovered this by having funds taken from three mutual fund accounts totaling over $53,000 in April 2008.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

21. Plaintiff, being a victim of Identity theft, began the process of studying the law along

with putting together the picture of what happened from this pile of documents sent to him through the mail from many different entities.

22. On October 16, 2012, The Plaintiff upon viewing the court record for the first time since his funds were taken in 2008, discovered inconsistencies in the documents that the defendants filed in the state court action from what he discovered in his research of the mailings sent to him over a two year period prior to that action.

23. Plaintiff discovered false and misleading documents used by the defendants to obtain the state court judgment.

24. Plaintiff discovered in an initial Dunn Letter Dated May 23, 2007 for account No. **7990, where NEW FALLS Stated '*New Falls Corporation purchased your Loan From Homecomings Financial, LLC*' identifying themselves as a Debt Buyer of the alleged debt, and including the verbiage 'IN ACCORDANCE WITH 15 U.S.C. 1692e(11), PLEASE BE ADVISED THAT THE PURPOSE OF THIS LETTER IS TO COLLECT A DEBT, ' (Rest of statement omitted) identifying themselves as a Debt Collector under the FDCPA.

25. Plaintiff discovered Documents from Homecomings Financial, LLC Dating from July 2006 to January 2007 in collection attempts with the same account number **7990 although Plaintiff has never had any business relationship or contracts with Homecomings Financial,

26. Plaintiff discovered in viewing the state court record on October 16, 2012 that the complaint submitted by STEPHEN VLOCK of VLOCK on behalf of NEW FALLS stated '*Plaintiffs [New Falls] predecessor-in-interest, National City Mortgage a division*

*of National City Bank of Indiana...'* (Emphasis added, Rest of statement omitted),'*The note and security agreement dated June 15, 2005, was assigned to Plaintiff* [New Falls], *and Plaintiff* [New Falls] *is currently the owner and holder of the note. A copy of the Allonge is annexed hereto as Exhibit "B" an incorporated herein...'* (emphasis added, Rest of statement omitted).

27. Plaintiff Discovered the account number of this alleged debt in the state court record as **6183 and the dollar amount was quite different than what Homecomings Financial was stating as well as no mention of Homecomings Financials role in any chain of title.

28. Plaintiff discovered the allonge signed by a Steven Y. Green, suspected Robo-Signer in the state court record dated May 15, 2007 to pay to the order of New Falls Corporation [purchaser] from yet another third party JP Morgan Chase Bank with another file number of **0193, whereas the complaint states quite differently.

29. Plaintiff did not and does not have any business relationship with JP Morgan Chase Bank, nor received any collection attempts nor any 'Hello' or 'Goodbye' notices if/when any note may have been assigned to them.

30. On Plaintiffs knowledge and belief, it appears that NEW FALLS has purchased an alleged note from two different entities eight (8) days apart, none of which is National City Bank of Indiana creating a false belief that the consumer owed an alleged debt to NEW FALLS in the state court record.

31. Upon this investigation and other pertinent information discovered, Plaintiff Filed for an "Order to show cause to vacate a judgment" in the Franklin County State court on December 31, 2012, **Case#: 2007-1075**.

32. Plaintiff wasn't aware previous to the state court action of his right to dispute the alleged debt under the FDCPA so it was done properly in his Notice of dispute and demand for validation papers submitted to the state court on December 31, 2012.

33. Plaintiff Served Papers including the Notice of dispute to NEW FALLS thru STEPHEN VLOCK of VLOCK on or about January 4, 2013 USPS Cert Mail# 7007 2680 0001 7607 8137, then re-served those papers on or about January 23, 2013.

34. Within those papers the Plaintiff notified the defendants he was disputing the alleged debt under the FDCPA, and that the Plaintiff was a victim of Identity Theft, furnishing that document with his sworn affidavit pursuant to NY state Civil Practice Law & Rules concerning ID Theft.

35. Plaintiff pointed out those false and misleading documents used by the defendants to obtain the state court judgment in his sworn written testimony.

36. NEW FALLS by and through STEPHEN VLOCK of VLOCK not only did not validate the alleged debt or produce a copy of a court judgment after being notified in compliance with 15 U.S.C. § 1692g(b), but completely ignored both the state statutes concerning ID theft and the federal statutes concerning FDCPA.

37. NEW FALLS by and through STEPHEN VLOCK of VLOCK did not cease collection efforts in compliance with 15 U.S.C.§ 1692g(b) by submitting paperwork to the state court on or about March 11, 2013.

38. The statements in that paperwork indicate that NEW FALLS by and through STEPHEN VLOCK of VLOCK were continuing debt collections without validation.

39. On June 07, 2013 Defendants continued debt collection activities without validation and

they're pattern for deception and misrepresentation in a conference held in the State Court judges chambers with an unknown alleged attorney who would not provide his information to the plaintiff after being asked several times for his credentials when VLOCK was requested to be present by the State Court.

40. This unknown attorney, who admitted to the Plaintiff that he was not an attorney of record, but allegedly had authority from VLOCK to state the position of NEW FALLS in which he stated as to deny the Plaintiffs [State Court Defendant] motion for relief of a state judgment order and that NEW FALLS would not consider Plaintiffs offer to settle amicably.

41. NEW FALLS by and through STEPHEN VLOCK of VLOCK have not tried to remedy the situation once they were made aware of it, nor have they returned the funds, nor have they attempted to settle with the Plaintiff prior to this complaint. All conditions precedent to the bringing of this action have been performed, waived or excused.

42. Plaintiff alleges that NEW FALLS by and through STEPHEN VLOCK of VLOCK willingly and knowingly has <u>not</u> notified the debtor in writing of they're good faith determination and the basis for that determination before proceeding with further collection activities consistent with the provisions of 15 USC 1692f(1) in violation of 15 U.S.C.§ 1692g(b) by failing to provide validation of the debt or any copy of a <u>judgment</u> and continuing its debt collection efforts after the plaintiff had disputed the debt.

43. Plaintiff alleges that NEW FALLS by and through STEPHEN VLOCK of VLOCK willingly and knowingly violated 15 U.S.C § 1692f by using unfair or unconscionable

means to collect or attempt to collect an alleged debt by filing false documentation in the state court action.

44. Plaintiff alleges that NEW FALLS by and through STEPHEN VLOCK of VLOCK willingly and knowingly violated 15 U.S.C § 1692 j(a) by furnishing documents in the state court action that created a false belief that a consumer owed NEW FALLS a debt they were allegedly assigned from an original creditor.

45. Plaintiff alleges that NEW FALLS by and through STEPHEN VLOCK of VLOCK willingly and knowingly violated 15 U.S.C § 1692 e with false and misleading representation that they were the legal holder of an alleged note and continuing to file paperwork supporting they're legal right to an alleged debt.

46. Plaintiff alleges that NEW FALLS by and through STEPHEN VLOCK of VLOCK willingly and knowingly violated 15 U.S.C § 1692 e(2) by misrepresenting the character and amount of an alleged debt after being notified of ID theft & other supporting Documents indicating different entities and different amounts owed.

47. Plaintiff alleges that NEW FALLS by and through STEPHEN VLOCK of VLOCK continues false representations and deceptive means in order to defend the state court action and further defraud the Plaintiff in violation of 15 U.S.C § 1692 e(10).

## COUNT I

## VIOLATION OF 15 U.S.C. § 1692 g(b) VALIDATION OF DEBTS BY DEFENDANTS NEW FALLS BY AND THROUGH STEPHEN VLOCK OF VLOCK & ASSOCIATES P.C.

48. Plaintiff hereby incorporates each and every prior allegation as though fully restated and re-alleged.

49. Defendants violated 15 U.S.C § 1692 g(b) by failing to provide verification of the debt or any copy of a judgment when notified by consumer in writing.

50. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices caused by the Defendants.

51. By virtue of the foregoing, the plaintiff is entitled to recover from each and every defendant Actual damages as they may appear and statutory damages pursuant to 15 U.S.C. § 1692k, together with any court costs and legal fees.

## COUNT II

## VIOLATION OF 15 U.S.C. § 1692f UNFAIR PRACTICES BY DEFENDANTS NEW FALLS BY AND THROUGH STEPHEN VLOCK OF VLOCK & ASSOCIATES P.C. AS A DEBT COLLECTOR MAY NOT USE UNFAIR OR UNCONSCIONABLE MEANS TO COLLECT OR ATTEMPT TO COLLECT ANY DEBT

52. Plaintiff hereby incorporates each and every prior allegation as though fully restated and re-alleged.

53. Defendants used and continues to use unfair and unconscionable means to collect or attempt to collect debts based on law suits with false documentation attached and which was utilized to fool a least sophisticated consumer and a state court into believing that the false attachments are sound basis for the law suits in violation of 15 U.S.C. § 1692f.

54. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices caused by the Defendants.

55. By virtue of the foregoing, the plaintiff is entitled to recover from each and every defendant Actual damages as they may appear and statutory damages pursuant to 15 U.S.C. § 1692k, together with any court costs and legal fees.

## COUNT III

## VIOLATION OF 15 U.S.C. § 1692j(a) FURNISHING DECEPTIVE FORMS BY DEFENDANTS NEW FALLS BY AND THROUGH STEPHEN VLOCK OF VLOCK & ASSOCIATES P.C.

56. Plaintiff hereby incorporates each and every prior allegation as though fully restated and re-alleged.

57. Defendants furnished documents to the state court creating a false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating in violation of 15 U.S.C. § 1692j(a).

58. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices caused by the Defendants.

59. By virtue of the foregoing, the plaintiff is entitled to recover from each and every defendant Actual damages as they may appear and statutory damages pursuant to 15 U.S.C. § 1692k, together with any court costs and legal fees.

## COUNT IV

## VIOLATION OF 15 U.S.C. § 1692 e FALSE AND MISLEADING REPRESENTATIONS BY DEFENDANTS NEW FALLS BY AND THROUGH STEPHEN VLOCK OF VLOCK & ASSOCIATES P.C.

60. Plaintiff hereby incorporates each and every prior allegation as though fully restated and re-alleged.

61. Defendants violated 15 U.S.C § 1692e with false and misleading representation that they were the legal holder of an alleged note and continuing to file paperwork supporting they're legal right to any state court judgment of such assignment. Defendants knowingly have no such contractual rights against Plaintiff pursuant to false allonge as an assignment.

62. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices caused by the Defendants.

63. By virtue of the foregoing, the plaintiff is entitled to recover from each and every defendant Actual damages as they may appear and statutory damages pursuant to 15 U.S.C. § 1692k, together with any court costs and legal fees.

## COUNT V

## VIOLATION OF 15 U.S.C. § 1692 e(2) FALSE AND MISLEADING REPRESENTATIONS OF THE CHARACTER AND AMOUNT OF A DEBT BY DEFENDANTS NEW FALLS BY AND THROUGH STEPHEN VLOCK OF VLOCK & ASSOCIATES P.C.

64. Plaintiff hereby incorporates each and every prior allegation as though fully restated and re-alleged.

65. Defendants violated 15 U.S.C § 1692 e(2) with false and misleading representation of the character and amount of an alleged note and that the plaintiff owes the said amount of any state court judgment.

66. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices caused by the Defendants.

67. By virtue of the foregoing, the plaintiff is entitled to recover from each and every defendant Actual damages as they may appear and statutory damages of pursuant to 15 U.S.C. § 1692k, together with any court costs and legal fees.

## COUNT VI

## VIOLATION OF 15 U.S.C. § 1692e(10) FALSE AND MISLEADING REPRESENTATIONS AND DECEPTIVE MEANS BY DEFENDANTS NEW FALLS BY AND THROUGH STEPHEN VLOCK OF VLOCK & ASSOCIATES P.C.

68. Plaintiff hereby incorporates each and every prior allegation as though fully restated and re-alleged.

69. Defendants Violated 15 U.S.C § 1692e(10) by using false and deceptive means to collect or attempt to collect a debt to the extent that the cited basis for the debt is false.

70. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices caused by the Defendants.

71. By virtue of the foregoing, the plaintiff is entitled to recover from each and every defendant Actual damages as they may appear and statutory damages pursuant to 15 U.S.C. § 1692k, together with any court costs and legal fees.

## RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment for damages against defendants as Follows:

1. Against named defendants, jointly and severally, for Actual damages included but not limited to any State court judgment, reinstate funds already taken plus any interest or dividends lost on those funds since 2008, pursuant to 15 U.S.C. § 1692K(a)(1);

2. Against named defendants, jointly and severally, Statutory Damages of $1000.00, pursuant to 15 U.S.C. § 1692K(a)(2)(A);

3. Against named defendants, jointly and severally, recovery of costs of litigation, any legal fees pursuant to 15 U.S.C. § 1692K(k)(a)(3);

4. Against named defendants, jointly and severally, a sum to be determined by the Jury in the form of punitive and compensatory damages found appropriate; including emotional distress and pain and suffering, loss of happiness; and

5. Granting Plaintiff any other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Plaintiff hereby demands a trial by jury of all issues so tri-able as a matter of law.

Dated: _____9/4_____, 2013

Respectfully submitted,

By: _____
Michael Regis Smith
26 County Route 18
Lake Clear, New York 12945
518-636-7536
msmith76@roadrunner.com

## VERIFICATION

STATE OF NEW YORK   )

COUNTY OF FRANKLIN ) ss.:


MICHAEL R SMITH, being duly sworn, deposes and says: I am the Plaintiff in this action, I have read this Complaint and know the factual allegations to be true to my personal knowledge, except for those alleged on information and belief, and as to those allegations I believe them to be true.

Dated: _____9/4/_____, 2013

By: _____
Michael Regis Smith


STATE OF NEW YORK
COUNTY OF FRANKLIN

Sworn to before me this __4__ day of __SEPTEMBER__, 20_13_.

_____
Signature and Title
of Court Employee or Notary

JESSICA B. FOSTER
Notary Public-State of New York
No. 01WI6140827
Qualified in Essex County
My Commission Expires Feb. 13, 2014