UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL R. SMITH,

        Plaintiff,

  -against-            8:13-CV-1127 (LEK/RFT)

NEW FALLS CORPORATION, *et al.*,

        Defendants.

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

*Pro se* Plaintiff Michael R. Smith ("Plaintiff") alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., by Defendants New Falls Corporation ("New Falls"); Vlock and Associates P.C. ("Vlock and Associates"); and Stephen Vlock ("Vlock") (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Defendants filed a Motion to dismiss under Federal Rule of Procedure 12(b)(6), asserting, *inter alia*, that Plaintiff's claims are time-barred under the applicable statute of limitations. Dkt. No. 7 ("Motion to dismiss"). Plaintiff filed a Response, which also included a Cross-Motion to disqualify Defendants' counsel. Dkt. No. 8 ("Response").[1] For the following reasons, Defendants' Motion to dismiss is granted, and Plaintiff's Cross-Motion to disqualify counsel is denied.

---

[1] Plaintiff argues that Vlock, who represents all Defendants in this action, should be disqualified for acting as both counsel and witness, and due to a conflict of interest. See Resp. at 23-24.

## II. BACKGROUND[2]

Plaintiff is a resident of Franklin County, New York. Compl. ¶ 2. New Falls is an Ohio corporation that functions as a debt collection agency. Id. ¶ 6. New Falls hired Vlock and Associates, a New York city law firm, to collect a debt allegedly owed to New Falls by Plaintiff. Id. ¶ 7.

In April 2008, Plaintiff had $53,000 withdrawn from three of his mutual fund accounts. Id. ¶ 20. Plaintiff discovered that the funds were taken in connection with a default judgment obtained in state court by Defendants in 2007. Id. ¶¶ 17, 19. Plaintiff was not aware that he had been sued, and asserts that he was a victim of identity theft. Id. ¶¶ 16, 18.

"On October 16, 2012 . . . upon viewing the [state] court record for the first time since his funds were taken in 2008, . . . Plaintiff discovered false and misleading documents used by [D]efendants to obtain the state court judgment." Id. ¶¶ 22-23. On December 31, 2012, Plaintiff filed a motion to vacate the state court judgment. Id. ¶ 31. Plaintiff did not seek recourse earlier because "Plaintiff wasn't aware previous to [his] state court action of his right to dispute the alleged debt . . . ." Id. ¶ 32. Defendants filed a response to Plaintiff's motion in March 2013. Id. ¶ 37. Defendants have not reimbursed Plaintiff for the funds withdrawn from his mutual fund accounts, nor have they ceased efforts to collect the remaining balance of the debt. Id. ¶¶ 41-42.

Plaintiff filed his Complaint on September 9, 2013, alleging numerous violations of the FDCPA. See id. ¶¶ 48-71. For a complete statement of Plaintiff's claims, reference is made to the

---

[2] In deciding a motion to dismiss for failure to state a claim, the allegations of the Complaint are accepted as true. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor").

Complaint.

## III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

## IV. DISCUSSION

The FDCPA provides, *inter alia*, that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Claims for liability under the FDCPA must be brought "within one year from the date on

3

which the violation occurs." Id. § 1692k. In determining the date on which the "violation" occurs, "there is no question that the latest date upon which the one year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." Somin v. Total Cmty. Mgmt. Corp., 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) (citing Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 n.2 (2d Cir. 1992)). An "unlawful communication" includes either (1) a debt collection letter/notice, or (2) service of a summons and complaint by a debt collector. See, e.g., Ellis v. Gen. Revenue Corp., 274 F.R.D. 53, 57 (D. Conn. 2011) (listing cases); see also Kropelnicki v. Siegel, 290 F.3d 118, 126 (2d Cir. 2002) (noting that the statute of limitations for FDCPA violations begins to run either upon serving a summons and complaint or the mailing of a debt collection notice).

Defendants argue that Plaintiff's claims are time-barred under the FDCPA's one-year statute of limitations. Dkt. No. 7-9 ("Defendant's Memorandum") at 3-6. First, Plaintiff received a summons and complaint from Defendants in August 2007, and, thus, Plaintiff was required to file his claim by August 2008; however, Plaintiff did not commence this action until September 2013. Def.'s Mem. at 5 (citing Calka v. Krucker, Kraus & Bruh, LLP, No. 98 Civ. 0990, 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (holding statute of limitations for FDCPA claim began to run from filing of state complaint)). Alternatively, although Plaintiff disputes that he received the summons and complaint in August 2007, Plaintiff does not contest that he received a debt collection letter from New Falls in May 2007. Def.'s Mem. at 4-5; Resp. at 13; see also Dkt. No. 11 ("Reply") ¶ 17. Under that scenario, even if Plaintiff did not receive the summons and complaint, Plaintiff was nonetheless required to file his claim by May 2008. Reply ¶ 17. Finally, Plaintiff admits that he became aware of the debt collection when his funds were executed upon in April 2008. See id. ¶ 19. Therefore, at the very latest, Plaintiff's claims were barred after April 2009. See id. Thus,

4

because Plaintiff did not commence this action until September 2013, his claims are barred by the one-year statute of limitations.

Plaintiff responds that the statute of limitations did not begin to run until March 2013, when Defendants failed to validate the alleged debt and cease debt collection activities. Resp. 13. In support, Plaintiff cites two out-of-circuit cases for the proposition that the statute of limitations does not begin to run until the debt collector fails to validate a debt because that is the "debt collector's last opportunity to comply with the Act." Id. However, Plaintiff's reliance on these decisions is misguided.

In Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997), the Ninth Circuit explicitly held that "the statute of limitations began to run on the filing of the complaint."[3] Furthermore, in Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995), the Eleventh Circuit addressed only the narrow issue of whether the statute of limitations begins to run on the day the debt collection letter is mailed or received; however, the court did not challenge the long-standing principle that the statute of limitations commences upon the mailing of the debt collection letter. Therefore, these decisions do not disturb the well-established rule that the "violation," which commences the running of the statute of limitations, occurs either when the debt collection notice is mailed or the complaint against the debtor is served. Accordingly, Plaintiff's argument that the statute of limitations did not begin to run until 2013, when Defendants failed to validate the debt and cease collection activities,

---

[3] The Naas court was addressing an entirely different issue than that raised by Plaintiff—namely, whether the "debt collector's last opportunity to comply with the Act" occurs upon filing of the complaint or the date of the court's judgment. 130 F.3d at 893. The court held that the definitive act is the filing of the complaint because "the purpose of the Act is to regulate the actions of debt collectors." Id. The Naas court did not consider whether any act other than filing a complaint or mailing a collection notice may commence the running of the statute of limitations for an FDCPA violation. See generally id.

is without merit.

Finally, although not argued by Plaintiff, mindful of his status as a *pro se* litigant, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court considers whether equitable tolling is appropriate in this case. "A statute of limitations may be tolled in extraordinary circumstances, if a plaintiff establishes that: (1) the defendant concealed from him the existence of his cause of action; (2) he remained in ignorance of that cause of action until some length of time within the statutory period before commencement of his action; and (3) his continuing ignorance was not attributable to lack of diligence on his part." Sykes v. Mel Harris & Assoc., LLC, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) (citing State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988)).

Here, Plaintiff does not allege that Defendants concealed the existence of the state court action against him. Moreover, Plaintiff admits that he received a debt collection notice from Defendants in May 2007, and that he became aware of the underlying state action when his funds were executed upon in 2008. Resp. at 11. Thus, Plaintiff was undeniably aware of Defendants' debt collection efforts by 2008, and on that basis alone is not entitled to equitable tolling beyond 2008. See Shetiwy v. Midland Credit Mgmt., 980 F. Supp. 2d 461, 474 (S.D.N.Y. 2013) (finding equitable tolling unwarranted where plaintiff denied receiving service of state complaint but acknowledged receipt of phone calls and mailings from defendants).

Furthermore, that Plaintiff waited until 2012 to seek legal redress because he "was not aware of his consumer rights at the time" is unavailing. See Resp. at 11. It is well established that "[e]quitable tolling is not warranted merely because the plaintiff was unaware of his cause of action." Henry v. Wyeth Pharm., Inc., No. 05 Civ. 8106, 2007 WL 2230096, at *28 (S.D.N.Y. July

6

30, 2007); see also Mark v. Park Ave. Synagogue, No. 10 Civ.7578, 2011 WL 3611322, at *3 (S.D.N.Y. Aug. 11, 2011) (finding equitable tolling inapplicable where only reason for delay was that plaintiff did not know of his rights because "ignorance of the law does not constitute a rare and extraordinary circumstance that would merit equitable tolling"). Thus, Plaintiff has provided no basis for equitable tolling in this case.

In sum, the statute of limitations began to run in May 2007 when Plaintiff received the debt collection notice. Alternatively, at the very latest, the one-year limitation commenced in 2008 when Plaintiff learned of the underlying state action. Under either scenario, Plaintiff's filing of the Complaint in September 2013 occurred well beyond the one-year statute of limitations for FDCPA liability. See 15 U.S.C. § 1692k. Therefore, Plaintiff's claims for violations of the FDCPA are time-barred.[4]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 7) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Cross-Motion (Dkt. No. 8) to disqualify Defendants' counsel is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without leave to**

---

[4] Because the Court finds that Plaintiff's claims are time barred, it need not reach Defendants' remaining arguments that Plaintiff has failed to state a claim upon which relief may be granted, and that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. See Def.'s Mem. at 16-18. Furthermore, because Plaintiff's claims are dismissed, Plaintiff's Cross-Motion to disqualify Defendants' counsel is moot. See Dkt. No. 8.

**amend**;[5] and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 10, 2014
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge

---

[5] When dismissing a complaint filed by a *pro se* plaintiff, courts must be generous in granting leave to amend deficiencies in the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, when leave to amend would be futile, it is not necessary. See id. Here, leave to amend would be futile, as Plaintiff cannot remedy the untimeliness of his claims.